UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRINCESS AMINA SALVADOR,

    Plaintiff,

v.                                                  Case No. 3:18cv306-LC-CJK

GLADES COUNTY DETENTION
CENTER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon plaintiff filing a civil rights complaint under 42 U.S.C. § 1983.* (Doc. 1). Plaintiff did not submit a motion to proceed *in forma pauperis* or pay the filing fee. Upon review of the complaint, the undersigned recommends that this case be dismissed without prejudice, based on venue considerations.

Plaintiff is a detainee confined at the Glades County Detention Center ("GCDC") in Moore Haven, Florida. Plaintiff's complaint names GCDC as the sole defendant. The complaint alleges plaintiff has been mistreated while at GCDC.

---

* Since December 18, 2017, plaintiff has filed 53 civil rights complaints in the Northern District of Florida.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." When venue is improper, the interests of efficiency and fairness generally make it preferential to transfer the case to a district where venue is proper. *Goldlawr, Inc., v. Heiman*, 369 U.S. 463, 467 (1962); *World Holdings, LLC v. Federal Republic of Germany*, 2009 WL 10664174 at *2 (S.D. Fla. May 22, 2009) (*citing Davis v. Am. Society of Civil Eng'rs*, 290 F. Supp. 2d 116, 120 (D.D.C. 2003)). Nonetheless, as the statute provides, a court in its sound discretion may dismiss the case rather than transfer it. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 578 (7th Cir. 1989).

This judicial district has no relation to the litigation at issue. The events underlying this action arose in Glades County, Florida, which is located in the

Case No. 3:18cv306-LC-CJK

Middle District of Florida. All parties reside in the Middle District and all factual allegations take place there. Neither the private interests of the litigants nor the public interest in the administration of justice are even minimally advanced by venue being maintained in this district. Thus, the court should exercise its discretion under 28 U.S.C. § 1406(a) to dismiss plaintiff's case without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1406(a).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 27th day of February, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case 3:18-cv-00306-LC-CJK   Document 3   Filed 02/27/18   Page 4 of 4

Page 4 of 4

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:18cv306-LC-CJK